SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**WILLIAM M. McLAREN, OSB #143836**
Assistant United States Attorney
William.McLaren@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:26-cr-00114-MC** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JAVIER OSORIO-ALTAMIRA** | |
| **Defendant.** | **Sentencing: Sep. 21, 2026, at 10:30 a.m.** |

Defendant Javier Osorio-Altamira, a Mexican national without lawful presence in the United States, was found in Oregon after being removed on three prior occasions. During his first unlawful entry into the United States, in 2015, he attempted to force his way into an apartment and threatened to kill a woman while holding a 12-inch fillet knife. He was convicted and removed from the country.

Now, having unlawfully returned, he has picked up pending charges in Marion County for sexual touching of a 12-year-old. For his four unlawful entries, taken with his consistent criminal behavior, the government respectfully recommends a sentence of thirteen months and one day to hold defendant accountable, protect the public, and deter a fifth reentry.

## FACTUAL BACKGROUND

### A. Instant Offense

On June 4, 2016, Mr. Osorio-Altamira (hereinafter "Mr. Altamira") was ordered to be removed by an immigration judge and then deported from Hildago, Texas to Mexico. PSR ¶ 5. Mr. Osorio-Altamira returned to the United States on an unknown date thereafter. On January 22, 2026, in the District of Oregon, immigration authorities learned that Mr. Osorio-Altamira had been arrested on unrelated charges in state case #26CR04323 for two counts of Sexual Abuse I, which remains pending. *Id.* at ¶ 4. Immigration records show Mr. Osorio-Altamira was removed from the United States on three separate occasions, June 10, 2015, May 20, 2016, and June 4, 2016, respectively. *Id.* at ¶ 5.

Records also indicated that, on May 13, 2015, Mr. Osorio-Altamira acknowledged a written warning advising him of his inadmissibility into the United States for ten years following his removal. Despite this, he re-entered and was deported in June of 2016. *Id.* Mr. Osorio-Altamira has never applied for or received permission from the Attorney General of the United States or the Secretary for the Department of Homeland Security to apply for admission into the United States after having been removed. *Id.* On April 16, 2026, Mr. Osorio-Altamira was arrested pursuant to a federal warrant for this offense. *Id.* at ¶ 6.

### B. Criminal History

On February 6, 2015, Mt. Angel Police were dispatched to a family disturbance. PSR ¶ 22. When they arrived, a neighbor explained that someone was "hurting her sister" and that she heard banging and shouting next door. *Id.* Mr. Osorio-Altamira and a female victim then exited an apartment with the victim appearing visibly upset and shouting that he had a knife. *Id.* Mr. Osorio-Altamira was detained, and officers removed a 12-inch unsheathed, fillet-style knife with a 7.5-inch blade that was tucked behind Mr. Altamira's lower back. *Id.*

The victim advised law enforcement that Mr. Osorio-Altamira had been following and scaring her. *Id.* She stressed that his demeanor was angry and she had refused to allow him into the apartment. *Id.* When he was denied access, Mr. Osorio-Altamira started shouting, kicking and banging on the door, and attempting to use the knife to pry it open. *Id.* The victim stated that she told Mr. Osorio-Altamira that if he calmed down, she would unlock the door, which she did. *Id.* Thereafter, Mr. Altamira entered the apartment pushed the victim and at one point, held the knife up while threatening to kill her. *Id.*

When asked about this incident, Mr. Osorio-Altamira advised law enforcement that he was at the apartment to see "his baby" and he had observed a male subject inside. *Id.* He explained that he visits his five-year-old daughter daily and does not like another man being around his child. *Id.* Defendant claimed he only used the knife for cutting paper at work and did not push or threaten anyone. *Id.* When asked why he had the knife while speaking with the victim, he stated that it was "only to scare her" and indicated that he did not intend to use the knife on anyone. *Id.* Mr. Altamira was later convicted of Unlawful Use of a Weapon in state court and sentenced to 36 months' probation for the incident. *Id.*

**C. Pending Marion County Sex Offense**

On December 1, 2025, Woodburn police officers were dispatched to the home of a young girl in response to a sex offense report. PSR ¶ 25. The complainant, Adult Witness (hereinafter, "AW") stated that her daughter (hereinafter, "MV") disclosed to her that Mr. Osorio-Altamira touched her inappropriately (details of the alleged sexual touchings are accurately described in PSR ¶ 25). *Id.* When asked how she knew Mr. Osorio-Altamira, AW reported that he was her friend. *Id.* When AW confronted Mr. Osorio-Altamira about the allegations, he admitted that he

had inappropriately touched MV in exchange for a $25 Roblox gift card.[1] *Id.* Mr. Osorio-Altamira also admitted that he told MV not to tell anyone or call the police because she would get into trouble. *Id.* AW reported that MV told her there had been three separate incidents of sexually abusive contact involving Mr. Altamira. *Id.*

When law enforcement interviewed MV, she reported that the inappropriate contact began a month prior. MV explained that Mr. Osorio-Altamira entered her room and touched her inappropriately and, when she attempted to stop Mr. Osorio-Altamira from touching her, he grabbed her wrist causing her pain. *Id.* This continued, and Mr. Osorio-Altamira told MV not to tell her mother because she wouldn't believe her. *Id.* MV confirmed that Mr. Osorio-Altamira offered to buy her Roblox gift cards to prevent her from telling anyone about the abuse. *Id.*

On January 22, 2026, state law enforcement made contact and arrested Mr. Osorio-Altamira pursuant to an Oregon state warrant without incident. *Id.* He made his appearance in Marion County case number #26CR04323. After paying security, a Marion County Circuit Court judge released Mr. Osorio-Altamira into the community pending trial on the child sex abuse charges.

On April 16, 2026, Mr. Osorio-Altamira was arrested by immigration authorities. He made his appearance in federal court and has been detained since then. The state case remains pending.

---

[1] Roblox is an online video game played by young children that involves purchases using "Robux," an in-game virtual currency. Roblox has drawn scrutiny given that it is commonly used by sexual predators to meet and entice children using Robux and private messaging features. *See* Miranda Nazzaro, *Senate panel investigates kids safety issues in online game Roblox,* THE HILL (Aug. 14, 2026).

## THE CHARGE, PLEA AGREEMENT, AND GUIDELINES COMPUTATIONS

Mr. Osorio-Altamira pleaded guilty with no plea agreement to a one-count Indictment, which charges him with Illegal Reentry, in violation of 8 U.S.C. § 1326(a) and (b)(1). That charge carries a maximum sentence of ten years imprisonment, a fine of up to $250,000, a three-year term of supervised release, and a mandatory fee assessment of $100.

The guidelines computations are set forth in the PSR at ¶¶ 10-19 and are laid out below for the Court's reference. The adjusted guidelines result in a 0-6 month range.

The government respectfully submits that the guidelines do not appropriately account for Mr. Osorio-Altamira's criminal history—including the use of a weapon to threaten an individual—the number of unlawful reentries despite lawful removals, nor does it account for the pending child sex offense, which Mr. Osorio-Altamira carried out during his fourth unlawful entry into the United States.

## ARGUMENT

Mr. Osorio-Altamira's choices and circumstances set him apart from others who unlawfully enter the United States and choose to live peaceful, law-abiding lives. Prior to his first removal, he chose to threaten a woman with a knife. After his most recent unlawful entry, he chose to bribe his child sexual abuse victim to keep quiet.

Despite a meager probationary sentence for threatening his 2015 victim with a 12-inch knife in the presence of a child, and a subsequent removal with an admonishment not to return to the United States for ten years, he flouted that. He saw fit to reenter two subsequent times and be removed two subsequent times. He reentered once again, this time choosing to repeatedly victimize a minor. He took advantage of access to a child to compromise that child's safety within her own bedroom. Mr. Osorio-Altamira's choice to pay Robux to keep MV quiet echoes child sexual offenders who come before this court with many years of exposure.

A time-served sentence simply does not accurately reflect Mr. Osorio-Altamira's history and characteristics, per 18 U.S.C. 3553(a)(1), nor does it serve to protect the public from further crimes of Mr. Osorio-Altamira or afford adequate deterrence to criminal conduct, per 18 U.S.C. § 3553(a)(2)(B), (C). Instead, Mr. Osorio-Altamira's unlawful conduct since illegally reentering the United States warrants an upward variance and informs an appropriate sentence. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence").

Courts regularly fashion sentences in the context of illegal reentry where a defendant's criminal or immigration history is atypical, and the totality of circumstances supports a variance. The Ninth Circuit regularly upholds such sentences. *See, e.g.*, *United States v. Navarrete-Felix*, 775 F. App'x 342 (9th Cir. 2019); *United States v. Lugo-Campos*, 837 F. App'x 518 (9th Cir. 2021); *United States v. Cruz-Gregorio*, 474 F. App'x 598 (9th Cir. 2012); *United States v. Ortega-Saavedra*, 743 F. App'x 752 (9th Cir. 2018) (upholding above-guidelines sentences in illegal reentry cases for defendants with significant criminal histories or other aggravating factors).

Mr. Osorio-Altamira has unlawfully entered the country repeatedly and victimized a woman and a child while doing so. He has faced minimal consequences, and a time-served sentence would continue that trend. To set an appropriate sanction, the Court should fashion a sentence that would remain accurately reflected in his federal criminal history score and result in an appropriately significant sanction should he unlawfully return to the United States for a fifth time.

A sentence of thirteen months and one day accounts for Mr. Osorio-Altamira's multiple reentries and criminal choices while in the United States. Should he choose to return a fifth time, the sentence will be accurately reflected in Mr. Osorio-Altamira's criminal history score as an appropriate sanction for the instant offense and accounting for the underlying circumstances. *See* USSG 4A1.1(a) (imposing three criminal history points for sentences exceeding one year and one month). Such a sentence is sufficient but not greater than necessary.

## CONCLUSION

For the reasons set forth above, the government respectfully requests the Court impose a sentence of imprisonment of thirteen months and one day to be followed by a one-year term of supervised release, and a $100 special assessment fee.

Dated: August 26, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

s/ *William M. McLaren*
WILLIAM M. McLAREN, OSB #143836
Assistant United States Attorney